UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN HODGINS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:15-cv-00312-TWP-MJD |
| D. ZATECKY, | ) ) ) |
| Respondent. | ) ) |

**Entry Dismissing Petition for Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. ISR 14-10-0083, petitioner Dustin Hodgins was found guilty of violating prison rules and was sanctioned. In the present action, Hodgins asserts that No. ISR 14-10-0083 is tainted with constitutional error.

Having considered the habeas petition, the additional pleadings, and the expanded record, and being duly advised, the Court finds that the petition for writ of habeas corpus should be denied and this action dismissed. This conclusion rests on the following facts and circumstances:

1. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Hodgins.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

      2.     In the challenged proceeding, Hodgins was charged on October 15, 2014 with violating prison rules through his use or possession of a cell phone. He was given a copy of this charge and notified of his procedural rights in connection with it on October 20, 2014. Hodgins did not request witnesses, but did request "all evidence contained in case file No. 14-ISR-0032." At a hearing conducted on October 22, 2014, Hodgins made a statement concerning the charge and the hearing officer determined that disclosure of the investigative file No. 14-ISR-0032 would jeopardize the safety and security of the facility. The hearing officer considered Hodgins's statement, the investigative file in No. 14-ISR-0032, and the conduct report and found Hodgins guilty of possession of a cell phone. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."), is this: During a recorded telephone call, the person with whom Hodgins was speaking referred to two photographs Hodgins had sent to her, presumably via a cell phone. In addition, Hodgins admitted during an interview with prison staff that he had used a cell phone belonging to someone else.

      3.     Under *Wolff* and *Hill,* Hodgins received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Hodgins was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his

findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

    4.    Hodgins's claims that he was denied the protections afforded by *Wolff* are unpersuasive or otherwise without merit.

    a.    His challenge to the sufficiency of the evidence lacks merit for the reasons just explained. *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992)("only evidence that was presented to the Adjustment Committee is relevant to this analysis"). The evidence was constitutionally sufficient as to all components of the offense Hodgins was found to have committed.

    b.    Hodgins waived his right to a lay advocate at the hearing and the circumstances do not separately demonstrate that the absence of a lay advocate for him at the hearing violated his right to due process. *Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008)("due process does not require that prisons appoint a lay advocate for a disciplinary hearing unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'") (quoting *Wolff,* 418 U.S. at 570).

    c.    Hodgins is correct that a decision in No. ISR 14-10-0083 was made by a single hearing officer, but due process does not require a multimember decisionmaker.

    d.    It is also not constitutionally significant for habeas purposes that Hodgins was sanctioned, in part, with a period in disciplinary segregation. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) ("State prisoners who want to raise a constitutional challenge to a[ ] . . . decision[ ] such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all . . . .").

    e.    Hodgins also complains of the use of the confidential file but the failure to disclose it to him in the circumstances here was not improper. *See Jones, Jones v. Cross,* 637 F.3d 841, 848 (7th Cir. 2011)(prison officials were not required to disclose evidence that would "entail a security risk"); *Piggie v. Cotton,* 344 F.3d 674, 678–79 (7th Cir. 2003) (prisons are permitted to deny requests for evidence that threaten institutional goals or safety); *White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001) (where video was viewed by the decision-maker, inmate's right to exculpatory evidence was not violated).

    5.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action,

and there was no constitutional infirmity in the proceeding which entitles Hodgins to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  11/24/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Dustin Hodgins
#116909
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel